IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY HOGAN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| FRONTIER AIRLINES, INC. ) | Removed from: |
| ) | Circuit Court of Shelby County |
| *Defendant.* ) | Tennessee for the Thirtieth Judicial |
| ) | District at Memphis |
| ) | Docket No.: CT-0257-19 |
| ) | |

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FRONTIER AIRLINES, INC ("Frontier") hereby removes the above-captioned civil action in its entirety from the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, Docket No. CT-0257-19, to the United States District Court for the Western District of Tennessee. In support of its Notice of Removal, which is based on diversity jurisdiction, Frontier states as follows:

1. This personal injury action arises out of an incident that allegedly occurred on January 19, 2018, at Memphis International Airport in Memphis, Tennessee.

2. On January 18, 2019, Plaintiff Ricky Hogan ("Plaintiff") filed this civil action in the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, Docket No. CT-0257-19, asserting one count of negligence against Frontier. (Summons and Complaint attached as Exhibit A.)

3. In his Complaint, Plaintiff alleges that he was employed with Hogan Pickup Service and "was directed to go to Frontier's ticket hub ... and obtain some luggage of a

particular customer of the Defendant, for the purpose of delivering the luggage to that customer." (Exhibit A, ¶ 6.)

4. Plaintiff served his Complaint on February 4, 2019 via service of process on Frontier's registered agent, Corporation Service Company. (Exhibit A, p.1.) This Notice of Removal is being filed within 30 days of receipt of Plaintiff's initial pleading and is therefore timely under 28 U.S.C. § 1446(b)(1).

5. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Here, under 28 U.S.C. § 1332(a)(2)(1) and 28 U.S.C. 1441(b)(2), there is complete diversity of citizenship between Plaintiff and Frontier. Plaintiff, Ricky Hogan, an individual, is a citizen of Memphis, Shelby County, Tennessee. (Exhibit A, ¶ 1.) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Frontier is a corporation incorporated in Colorado and has its principal place of business in Denver, Colorado. Since Plaintiff and Frontier are citizens of different states, there is complete diversity among the parties which provides this federal court with original jurisdiction.

7. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Frontier asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs, for the following reasons:

a. In his Complaint, Plaintiff prays that he "be awarded compensatory damages in the amount of One Hundred Fifty Thousand and no/100ths Dollars ($150,000.00)." (Exhibit A, p.10.)

b. Plaintiff's Complaint asserts that as a result of the alleged incident, he has suffered serious and severe personal injuries; physical pain and mental suffering; loss of enjoyment of life and impaired ability to enjoy the normal pleasures of life; permanent injury and disfigurement; loss of enjoyment of life; medical expenses of Plaintiff, both past and future; and lost earnings and earning capacity." (Exhibit A, ¶¶ 15-16). Plaintiff also alleges that as a result of the alleged incident, he has suffered significant harm, losses, pain, suffering, physical injury and damages. *Id.* at ¶ 17.

c. Removal may be proper "where the defendant can show a 'reasonable probability' or 'substantial likelihood' that the plaintiffs intend to seek damages in excess of $75,000." *Alinsub v. T-Mobile*, 414 F.Supp.2d 825, 828 (W.D. Tenn. 2006). Frontier submits that it has met this burden as Plaintiff's Complaint on its face seeks in excess of that amount. Therefore, this case is immediately removable pursuant to 28 U.S.C. § 1446(b).

8. The United States District Court for the Western District of Tennessee is the federal court embracing the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, where the instant action was filed. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), Frontiers will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this action from the Circuit Court of Shelby County Tennessee for the Thirtieth Judicial District at Memphis, Docket No. CT-0257-19, to the United States District Court for the Western District of Tennessee.

Date: March 4, 2019                                              Respectfully Submitted,

**FRONTIER AIRLINES, INC.**

By: _/s/Timothy D. Crawley_
     Timothy D. Crawley / BPR# 035576

ANDERSON CRAWLEY & BURKE, pllc
ATTORNEYS AND COUNSELORS
Timothy D. Crawley / BPR# 035576
Post Office Box 2540
Ridgeland, MS 39158-2540
Telephone:   (601)707-8790
Facsimile:    (601)707-8801
E-Mail:        TCrawley@ACBLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Western District of Tennessee, using the CM/ECF System and future certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail at 6750 Poplar Avenue, Suite 200, Memphis, TN 38138, before the hour of 5:00 p.m.

                                ATTORNEY FOR PLAINTIFF
                                S. SCOTT TAYLOR
                                6750 Poplar Avenue, Suite 200
                                Memphis, TN 38138

                                By:   */s/ Timothy D. Crawley*
                                        Timothy D. Crawley / BPR# 035576

ANDERSON CRAWLEY & BURKE, pllc
ATTORNEYS AND COUNSELORS
Timothy D. Crawley / BPR# 035576
Post Office Box 2540
Ridgeland, MS 39158-2540
Telephone:   (601)707-8790
Facsimile:    (601)707-8801
E-Mail:       TCrawley@ACBLaw.com



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19320658**
**Date Processed: 02/05/2019**

| | |
|---|---|
| **Primary Contact:** | Jacalyn Peter<br>Frontier Airlines, Inc.<br>4545 Airport Way<br>Denver, CO 80239-5716 |
| **Electronic copy provided to:** | Howard Diamond<br>Shannon Muir |

| | |
|---|---|
| **Entity:** | Frontier Airlines, Inc.<br>Entity ID Number 0485700 |
| **Entity Served:** | Frontier Airlines |
| **Title of Action:** | Ricky Hogan vs. Frontier Airlines, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Shelby County Circuit Court, TN |
| **Case/Reference No:** | CT-0257-19 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 02/04/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | S. Scott Taylor<br>901-755-8075 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A



**Hardison PPS & Recovery**
P.O. Box 754
Ellendale, Tennessee 38029
Email: tmichellehardison@yahoo.com
(901) 219-4784

January 23, 2018

Corporation Service Company
Registered Agent for Frontier Airlines
2908 Poston Avenue
Nashville, TN 37203

RE:   Hogan v. Frontier Airlines

Dear Sir or Madam:

    Enclosed please find a copy of a Summons and Complaint directed to Frontier Airlines in the above cause.

    I would appreciate it if you would sign one of the copies of the Summons where indicated and return it to me at P.O. Box 754, Ellendale, Tennessee 38029.

    This communication is from a third party responsible for serving this Summons to you. Please direct any questions or concerns to the attorney of record, Scott Taylor. Again, my office is merely charged with serving you the Summons, and has no interest or bearing on the matter at hand.

    Thank you for your cooperation.

Very truly yours,

*s/Michelle Hardison*

Michelle Hardison
Private Process Server

**CIRCUIT/CHANCERY COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-0257-19    ● Lawsuit   ○ Divorce    Ad Damnum $ 200,000.00

| RICKY HOGAN | VS | FRONTIER AIRLINES, INC |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

FRONTIER AIRLINES
REGISTERED AGENT: CORPORATION SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on S. SCOTT TAYLOR Plaintiff's attorney, whose address is 6750 POPLAR AVENUE, SUITE 200, MEMPHIS, TN 38138

telephone 901-755-8075     within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  January 18 2019  By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20 19

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20\_\_\_\_\_ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____  By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

# (CIRCUIT/CHANCERY) COURT OF TENNESSEE
## 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-0257-19

☑ Lawsuit
☐ Divorce

Ad Damnum $ 200,000.00

**RICKY HOGAN**

VS

**FRONTIER AIRLINES, INC**

Plaintiff(s)                                                                 Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

FRONTIER AIRLINES
REGISTERED AGENT: CORPORATION SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☑ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on S. SCOTT TAYLOR                    Plaintiff's attorney, whose address is 6750 POPLAR AVENUE, SUITE 200, MEMPHIS, TN 38138

telephone 901-755-8075                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _January 18 2019_ By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20_19_

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M., a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____            By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process


RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                            By: _____
                                                                            Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| RICKY HOGAN, | |
| PLAINTIFF, | |
| VS | NO. CT- 0257  Div. III |
| | JURY DEMANDED |
| FRONTIER AIRLINES, INC. | |
| DEFENDANT. | |

FILED JAN 18 2019 CIRCUIT COURT CLERK BY _____ D.C.

## COMPLAINT

Comes now the Plaintiff, Ricky Hogan, by and through counsel, and for his cause of action would respectfully state unto this Honorable Court the following to wit:

### PARTIES

1.  Plaintiff, Ricky Hogan, is an adult resident of Memphis, Shelby County, Tennessee.

2.  Upon information and belief, Defendant, Frontier Airlines, Inc., (hereinafter referred to as "Frontier"), whose principal address is 4545 Airport Way, Denver, Colorado 80239, is a corporation licensed and authorized to do business in the State of Tennessee and may be served through its appointed Registered Agent for service of process in the State of Tennessee, Corporation Service Company, whose address is 2908 Poston Avenue, Nashville, Tennessee 37203.

### JURISDICTION AND VENUE

3.  Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligence by Defendant in Shelby County, Tennessee on or about January 19, 2018.

1

4.	Venue is proper in Shelby County pursuant to Tenn. Code Ann. §20-4-101.

5.	This Court has general jurisdiction of this matter pursuant to Tenn. Code Ann. 16-10-101.

## FACTS

6.	That on or about January 19, 2018, Plaintiff, Ricky Hogan, who at the time was employed with Hogan Pickup Service, was directed to go to Frontier's ticket hub, which was located at the Memphis International Airport, located at 2491 Winchester Road, Memphis, Tennessee 38116, and obtain some luggage of a particular customer of the Defendant, for the purpose of delivering the luggage to that customer.

7.	As Plaintiff's walked and approached the front desk of defendant's ticket hub, a female employee or agent of defendant, Frontier, directed defendant to walk behind the front desk and toward a room where the luggage was located. As Plaintiff was walking behind the defendant's front desk area, Plaintiff slipped and fell on a wet slippery substance which had been allowed to accumulate and remain on the floor of the aforesaid store, sustaining personal injuries.

8.	Plaintiff alleges that the female employee or agent of the defendant had just finished mopping the floor behind the front desk where Plaintiff slipped and fell, but this same employee or agent, failed to warn Plaintiff that the floor was slippery and unsafe to walk on.

## CAUSES OF ACTION – NEGLIGENCE

9.	At all times relevant to this Complaint, Defendant, Frontier Airlines, Inc., had exclusive control of the property in question and had the duty to maintain the premises in a safe condition.

10.	Defendant, Frontier, had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees and visitors of the existence of such

2

conditions and/or to correct such conditions promptly.

11. Defendant, Frontier, had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff, to suffer his/her injuries.

12. Defendant, Frontier, by and through the actions or omissions of its employees, was guilty of negligence in they failed to maintain the premises and ensure the premises was in a safe condition; failed to inspect on a timely basis; failed to prevent or discover the dangerous condition; failed to take reasonable action to prevent Plaintiff from slipping and falling; failed to warn Plaintiff of the dangerous condition and failed to correct the dangerous condition in a timely manner.

13. Defendant, Frontier, was further guilty of negligence in that the said premises was in a dangerous condition for a sufficient time for Defendants to take preventative measures to protect Plaintiff from the hazards of premises and prevent Plaintiff from slipping and falling.

14. At all times relevant hereto, Plaintiff was exercising due care and caution for his own safety, and as a direct and proximate result of the Defendant's negligence, Plaintiff suffered serious and severe personal injuries and damages which required medical attention.

## **INJURIES AND DAMAGES**

15. Plaintiff assert and allege that as a direct and proximate result of the negligence of the Defendant, your Plaintiff, Ricky Hogan, has suffered serious, severe and great damages, including but not limited to:

    a. Serious and severe personal injuries;

    b. Physical pain and mental suffering;

    c. Loss of enjoyment of life and impaired ability to enjoy the normal pleasures of life;

    d. Permanent injury and disfigurement;

  e. Loss of enjoyment of life; and

  f. Medical expenses of Plaintiff, both past and future.

16. As a direct and proximate result of the negligence of the Defendant, Plaintiff lost earnings and earning capacity.

17. As a direct and proximate result of the negligence of the Defendant, Plaintiff was caused to suffer significant harm, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## **RELIEF SOUGHT**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Ricky Hogan, respectfully prays:

1. That proper process issue against the Defendant, requiring to plead and answer.

2. That Plaintiff be awarded the present cash value of any medical and treatment that he will be required to undergo;

3. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

4. That Plaintiff's be awarded compensatory damages in the amount of One Hundred Fifty Thousand and no/100ths Dollars ($150,000.00);

5. That Plaintiff be awarded post-judgment interest, as allowed by law;

6. That a jury be empaneled to try to the issues when joined; and

7. Such further relief as the Court may deem just and equitable.

            Respectfully Submitted,

            S. SCOTT TAYLOR (#16929)
            Attorney for Plaintiff, Ricky Hogan
            6750 Poplar Avenue, Suite 200
            Memphis, TN 38138
            Phone: (901) 755-8075
            Fax: (901) 755-2630



P.O. Box 754
Ellendale, TN 38029

Corporation Service Company
Registered Agent for Frontier Airlines
2908 Poston Avenue
Nashville, TN 37203