IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICKY HOGAN, ) | |
| ) | |
|     *Plaintiff,* ) | Case No. 2:19-cv-02144-JTF-dkv |
| ) | |
| v. ) | District Court Judge John T. Fowlkes, Jr. |
| ) | |
| FRONTIER AIRLINES, INC. ) | Magistrate Judge Diane K. Vescovo |
| ) | |
|     *Defendant.* ) | |
| ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiff Ricky Hogan's Complaint, states as follows:

### PARTIES

1. Plaintiff, Ricky Hogan, is an adult resident of Memphis, Shelby County, Tennessee.

**ANSWER:** Frontier admits only that Ricky Hogan is the plaintiff named in this action. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

2. Upon information and belief, Defendant, Frontier Airlines, Inc., (hereinafter referred to as "Frontier"), whose principal address is 4545 Airport Way, Denver, Colorado 80239, is a corporation licensed and authorized to do business in the State of Tennessee and may be served through its appointed Registered Agent for service of process in the State of Tennessee, Corporation Service Company, whose address is 2908 Poston Avenue, Nashville, Tennessee 37203.

**ANSWER:** Frontier admits only that it is a Colorado corporation, has its principal place of business in Denver, Colorado, it conducts business in the State of Tennessee, and its Registered Agent in Tennessee is Corporation Service Company. Frontier denies the remaining allegations contained in Paragraph 2.

3.      Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligence by Defendant in Shelby County, Tennessee on or about January 19, 2018

**ANSWER:** Paragraph 3 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Venue is proper in Shelby County pursuant to Tenn. Code Ann. § 20-4-101

**ANSWER:** Paragraph 4 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits that venue is proper in Shelby County.

5.      This Court has general jurisdiction of this matter pursuant to Tenn. Code Ann. 16-10-101.

**ANSWER:** Paragraph 5 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits this Court has subject matter jurisdiction over this matter.

## FACTS

6.      That on or about January 19, 2018, Plaintiff, Ricky Hogan, who at the time was employed with Hogan Pickup Service, was directed to go to Frontier's ticket hub, which was located at the Memphis International Airport, located at 2491 Winchester Road, Memphis, Tennessee 38116, and obtain some luggage of a particular customer of the Defendant, for the purpose of delivering the luggage to that customer.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.      As Plaintiff's walked and approached the front desk of defendant's ticket hub, a female employee or agent of defendant, Frontier, directed defendant to walk behind the front desk and toward a room where the luggage was located. As Plaintiff was walking behind the defendant's front desk area, Plaintiff slipped and fell on a wet slippery substance which had been allowed to accumulate and remain on the floor of the aforesaid store, sustaining personal injuries.

**ANSWER:** Frontier denies the allegations contained in Paragraph 7.

8. Plaintiff alleges that the female employee or agent of the defendant had just finished mopping the floor behind the front desk where Plaintiff slipped and fell, but this same employee or agent, failed to warn Plaintiff that the floor was slippery and unsafe to walk on.

**ANSWER:** Frontier denies the allegations contained in Paragraph 8.

### CAUSES OF ACTION – NEGLIGENCE

9. At all times relevant to this Complaint, Defendant, Frontier Airlines, Inc., had exclusive control of the property in question and had the duty to maintain the premises in a safe condition.

**ANSWER:** Paragraph 9 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 9.

10. Defendant, Frontier, had a duty to inspect the premises regularly to prevent and/or discovery any dangerous conditions or objects, to warn invitees and visitors of the existence of such conditions and/or to correct such conditions promptly.

**ANSWER:** Paragraph 10 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 10.

11. Defendant, Frontier, had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff, to suffer his/her injuries.

**ANSWER:** Frontier denies the allegations contained in Paragraph 11.

12. Defendant, Frontier, by and through the actions or omissions of its employees, was guilty of negligence in they failed to maintain the premises and ensure the premises was in a safe condition; failed to inspect on a timely basis; failed to prevent or discover the dangerous condition; failed to take reasonable action to prevent Plaintiff from slipping and falling; failed to warn Plaintiff of the dangerous condition and failed to correct the dangerous condition in a timely matter.

**ANSWER:** Frontier denies the allegations contained in Paragraph 12.

13. Defendant, Frontier, was further guilty of negligence in that the said premises was in a dangerous condition for a sufficient time for Defendants to take preventative measures to protect Plaintiff from the hazards of premises and prevent Plaintiff from slipping and falling.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 13.

14.   At all times relevant hereto, Plaintiff was exercising due care and caution for his own safety, and as a direct and proximate result of Defendant's negligence, Plaintiff suffered serious and severe personal injuries and damages which required medical attention.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 14.

15.   Plaintiff assert and allege that as a direct and proximate result of the negligence of the Defendant, your Plaintiff, Ricky Hogan, has suffered serious, severe and great damages, including but not limited to:

    a. Serious and severe personal injuries;
    b. Physical pain and mental suffering;
    c. Loss of enjoyment of life and impaired ability to enjoy the normal pleasures of life;
    d. Permanent injury and disfigurement;
    e. Loss of enjoyment of life; and
    f. Medical expenses of Plaintiff, both past and future.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 15, including subparts 15(a) through 15(f).

16.   As a direct and proximate result of the negligence of the Defendant, Plaintiff lost earnings and earning capacity.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 16.

17.   As a direct and proximate result of the negligence of the Defendant, Plaintiff was caused to suffer significant harm, losses, pain, suffering, physical injury and damages, including but not limited to those listed in the Complaint.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 17.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiff's Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant, FRONTIER AIRLINES, INC., raises and preserves the following Affirmative Defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted against Frontier, such that it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Plaintiff's Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties, as required by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

3. Frontier would show that the incident of which Plaintiff complains did not in fact occur on the premises owned, occupied or controlled by Frontier, and therefore, Frontier bears no legal responsibility for said incident, and should be dismissed from this action.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff's claims are barred, in whole or in part, by *res judicata*, collateral estoppel, waiver, assumption of risk, or unclean hands.

6. Plaintiff's claims may be governed, in whole or in part, by the laws of jurisdictions other than Tennessee.

7. Pending discovery in this cause, Frontier reserves the right to plead and rely upon the affirmative defense of modified comparative fault as set forth by the Tennessee Supreme Court as to Plaintiff, or any other person or entity, should it be shown that either Plaintiff or another person or entity was responsible for having caused and/or contributed to Plaintiff's injuries which are the subject matter of this action. If such a defense is later pleaded, it is further pleaded that in such an instance Plaintiffs' claims for damages should either be barred or diminished in accord with Plaintiff's or said third party's negligence and fault, pursuant to Tennessee law, including but not limited to § 29-11-107 of the Tennessee Code.

8. Frontier would show that the conditions or injuries of which Plaintiff complains were caused solely and proximately by pre-existing diseases, lesions, conditions or causes completely unrelated to the subject incident, including but not limited to previous injuries to the Plaintiff in events not relate to the subject incident.

9. Plaintiff's claims are preempted, in whole or in part, by federal law.

10. Plaintiff's alleged damages, if any, are barred or limited under applicable law.

11. Plaintiff's alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Frontier is not responsible.

12. Plaintiff's alleged damages, if any, are barred or limited under applicable law due to Plaintiff's failure to mitigate damages.

13. Some or all of Plaintiff's claims may be barred, in whole or in part, because Plaintiff may have already received full satisfaction for his alleged injuries, if any, and Plaintiff's claims may be barred by such prior release of claims or accord and satisfaction with any entity.

14. If Plaintiff has available to him and has received benefits paid by a collateral source for his injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any.

15. Plaintiff's claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiff.

16. Plaintiff's claims are barred or limited pursuant to contract.

17. Plaintiff's claims are waived, in whole or in part, pursuant to contract.

18. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

## RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend their defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

## JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: March 11, 2019                Respectfully Submitted,

**FRONTIER AIRLINES, INC.**

BY:  ANDERSON, CRAWLEY & BURKE, PLLC
Its Attorneys

By: */s/Timothy D. Crawley*
      Timothy D. Crawley / BPR# 035576

ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AND COUNSELORS
Timothy D. Crawley / BPR# 035576
Post Office Box 2540
Ridgeland, MS  39158-2540
Telephone:     (601)707-8790
Facsimile:     (601)707-8801
E-Mail:        TCrawley@ACBLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Western District of Tennessee, using the CM/ECF System, which sent notification of such filing to the following:

ATTORNEY FOR PLAINTIFF
S. SCOTT TAYLOR
6750 Poplar Avenue, Suite 200
Memphis, TN 38138


By: */s/Timothy D. Crawley*
Timothy D. Crawley / BPR# 035576


ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AND COUNSELORS
Timothy D. Crawley / BPR# 035576
Post Office Box 2540
Ridgeland, MS  39158-2540
Telephone:	(601)707-8790
Facsimile:	(601)707-8801
E-Mail:	TCrawley@ACBLaw.com