IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

| | | |
|---|---|---|
| RICKY HOGAN, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 2:19-cv-02144-JTF-dkv |
| | ) | |
| v. | ) | District Court Judge |
| | ) | John T. Fowlkes, Jr. |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | Magistrate Judge Diane K. Vescovo |
|     Defendant. | ) | |
| | ) | |

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, the parties met by telephone on April 10 and 12, 2019, conferred in compliance with Federal Rule of Civil Procedure 26(f), and agreed upon the matters set forth herein. Present were, S. Scott Taylor, counsel for plaintiff, and Michael K. Radford, counsel for defendant. The following dates are established as the final deadlines for:

**CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE:** The parties do not consent to trial before the Magistrate Judge.

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: April 29, 2019.

**MOTIONS TO JOIN PARTIES**: May 13, 2019.

**MOTIONS TO AMEND PLEADINGS**: May 13, 2019.

**MOTIONS TO DISMISS**: June 10, 2019.

**COMPLETING ALL DISCOVERY**: September 4, 2019.

    (a)    **WRITTEN DISCOVERY**: July 19, 2019.
    (b)    **DEPOSITIONS**: September 4, 2019.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

**DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  August 5, 2019

**DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  August 22, 2019

(a)     **EXPERT WITNESS DEPOSITIONS**:  September 4, 2019

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**:  September 19, 2019

**FILING DISPOSITIVE MOTIONS**:  October 4, 2019.

**MEDIATION:**  The parties are ordered to engage in ADR on or before July 19th, 2019.  Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that e-discovery is not appropriate in this case and therefore they will not seek e-discovery.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline.  All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

This case is set for a jury trial.  The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order.  The parties anticipate the trial will last approximately three days.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE